UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------

ANTHONY BUSSIE,

                          Petitioner,

              v.

FEDERAL PUBLIC DEFENDER
ORGANIZATION,

                          Respondent.
---------------------------------------------------------------

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
15-CV-4722 (MKB)

MARGO K. BRODIE, United States District Judge:

On August 10, 2015, Petitioner Anthony Bussie, proceeding *pro se*, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., Docket Entry No. 1.) On August 31, 2015, Petitioner moved for leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915. (Docket Entry No. 5.) For the reasons discussed below, the Court grants Petitioner's motion to proceed IFP for purposes of this Order and dismisses the petition.

**I. Background**

Although not included in the caption of the form petition, Petitioner lists Thomas Young, Richard Coughlin, Joseph B. Gilbert, Susan Umstead, Stephen Gordon, Robert E. Andrews and John Boehner as respondents in the body of the petition. (Pet. 2.[1]) Court records reflect that, on April 2, 2015, the United States District Court for the Eastern District of North Carolina ordered petitioner committed to the custody of the United States Attorney General pursuant to 18 U.S.C. § 4246. *United States v. Bussie*, No. 5:14-HC-2186 (E.D.N.C.), Docket Entry No. 16. Petitioner

---

[1] Because the petition is not consecutively paginated, the Court refers to the page numbers assigned by the Electronic Document Filing System.

appealed that commitment, and his appeal is currently pending before the United States Court of Appeals for the Fourth Circuit. *See Bussie*, No. 5:14-HC-2186 (E.D.N.C.), Docket Entry Nos. 20–21. Petitioner states that the instant § 2241 petition arises from his current civil commitment and pending case in the Eastern District of North Carolina.[2] (Pet. 3.) The petition, which is largely incomprehensible, lists multiple grounds for relief referencing, among other things, constitutional amendments, various federal anti-discrimination laws and criminal statutes. (Pet. 6–7.) Petitioner demands "a settlement law due process," that there be investigations into government waste and fraud and congressional oversight, the civil commitment and recusal of respondent Thomas Young and "an appeal [of] due process." (Pet. 7.)

## II. Discussion

At the outset, the Court notes that prior to the filing of this action, Petitioner accrued three strikes under the Prison Litigation Reform Act's ("PLRA") "Three Strikes Provision."[3]

---

[2] The petition is vaguely worded and references alleged acts by numerous individuals and the Federal Public Defender Organization. (Pet. 2–3.) Nevertheless, Petitioner is attempting to challenge his civil commitment, asserting that the "Fed[eral] Pub[lic] Def[ender] Organ[ization] is a no-good alter ego agency with no defensive reason-excuse to move into a civil commitment," and challenging a "John Hinckley case law proceeding to civilly commit." (*Id.*)

[3] This is the eighth action Petitioner has filed in the United States District Court for the Eastern District of New York. Petitioner has filed over one hundred actions in federal district courts across the United States and is under a filing injunction in the District of New Jersey, his pre-incarceration domicile. *See U.S. Party/Case Index*, pcl.uscourts.gov/search (last visited Nov. 30, 2015); *Conjured Up Entm't v. United States*, No. 11-CV-2824 (D.N.J. filed July 26, 2011). At least three of his many civil actions, including his first action in this Court, have been dismissed as frivolous under 28 U.S.C. § 1915A(b). *See Bussie v. Dep't of Def.*, No. 13-CV-4574, 2013 WL 5348311, at *2 (E.D.N.Y. Sept. 23, 2013); *Bussie v. Att'y Gen.*, No. 13-CV-476, 2013 WL 3934179, at *3 (W.D. Wis. July 30, 2013) (consolidated action). In addition, multiple district courts, including this one, have dismissed Petitioner's recent cases as barred by the PLRA's three strikes provision. *See Bussie v. Bharara*, No. 15-CV-3237, 2015 U.S. Dist. LEXIS 77920, at *3–4 (E.D.N.Y. June 16, 2015); *Bussie v. Mohamed*, No. 14-CV-5454, 2014 WL 7338802, at *2 (E.D.N.Y. Dec. 22, 2014); *Bussie v. Gov. Accountability Office*, No. 14-CV-

The PLRA provides that:

> In no event shall a prisoner bring a civil action . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). However, it is unsettled within the Second Circuit whether a petition pursuant to § 2241 is a "civil action" for the purposes of the PLRA. While the Second Circuit, in *Reyes v. Keane*, 90 F.3d 676 (2d Cir. 1996), indicated that "habeas corpus petitions" are not civil actions covered by the PLRA, it did not discern among habeas petitions seeking to overturn a criminal conviction or sentence pursuant to § 2254 (for petitions challenging state convictions), or § 2255 (for petitions challenging federal convictions), or habeas petitions challenging conditions of confinement under § 2241. *See Reyes*, 90 F.3d at 678 ("There is nothing in the text of the PLRA or its legislative history to indicate that Congress expected its filing fee payment requirements to apply to habeas corpus petitions."). In *Jones v. Smith*, 720 F.3d 142 (2d Cir. 2013), the Second Circuit recognized the lack of clarity in its *Reyes* decision, stating:

> We nonetheless assume without deciding that, in so saying, the court [in *Reyes*] meant habeas corpus petitions that challenge criminal convictions and sentences, and not petitions, sometimes brought under 28 U.S.C. § 2241, that complain of conditions of confinement, which are analogous to suits under 42 U.S.C. § 1983

---

2665, 2014 WL 2178212, at *2 (E.D.N.Y. May 23, 2014); *Bussie v. Boehner*, 21 F. Supp. 2d 244, (E.D.N.Y. 2014); *Bussie v. Boehner*, No. 14-CV-161, 2014 U.S. Dist. LEXIS 27479, at *4–6 (D. Colo. Mar. 4, 2014); *Bussie v. Boehner*, No. 14-CV-279, 2014 U.S. Dist. LEXIS 26229, at *1 (N.D. Tex. Feb. 28, 2014); *Bussie v. Boehner*, No. 14-CV-345, 2014 U.S. Dist. LEXIS 25063, at *1 n.2 (E.D. Mo. Feb. 27, 2014) (collecting prior strikes and dismissals under section 1915(g)); *Bussie v. Boehner*, No. 14-CV-77, 2014 WL 585377, at *2 (S.D. Ill. Feb. 14, 2014). Petitioner has previously filed a habeas petition with this Court pursuant to 28 U.S.C. §§ 2241 and 2255, which was also dismissed. *Bussie v. United States*, No. 14-CV-7010 (E.D.N.Y. filed Feb. 25, 2015).

> complaining of conditions of confinement. The logic of our opinion in *Reyes* was to distinguish between civil actions covered by the PLRA and others based on the type of relief sought, rather than the statute under which relief was sought.

*Jones*, 720 F.3d at 145 n.3. Here, while it is unclear whether the petition is subject to the PLRA's three strikes provision, the Court grants Petitioner's request to proceed IFP solely for the purposes of this Order.

The Court does not have jurisdiction over the Petition, as it must be filed in the judicial district in which Petitioner is incarcerated. *See* 28 U.S.C. § 2241(a) (providing federal courts with power to grant a writ of *habeas corpus* only "within their respective jurisdictions"); *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("The plain language of the habeas statute . . . confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."); *Boone v. Manifee*, 387 F. Supp. 2d 338, 344 (S.D.N.Y. 2005) (holding that the petitioner must name his warden as respondent and file the petition in the district of confinement). Petitioner is confined at the Federal Medical Center in Butner, North Carolina. (Pet. 1.) Accordingly, the Court lacks jurisdiction to adjudicate the instant petition.

The Court recognizes its discretion to transfer a § 2241 petition over which it lacks jurisdiction in the interest of justice. *See Adeleke v. United States*, 355 F.3d 144, 152 (2d Cir. 2004) ("[T]he court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed or noticed . . . ." (first two alterations in original)). The Court declines to exercise its discretion here as transfer would not serve the interests of justice. Petitioner is a serial filer, and review of the petition reveals that it likely has no merit.

## III. Conclusion

Accordingly, the petition for a writ of habeas corpus is dismissed for the reasons set forth above. As Petitioner has not made a substantial showing of the denial of constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: November 30, 2015
      Brooklyn, New York